**L. ADDISON & ASSOCIATES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1388C.**

United States Court of Federal Claims.

Nov. 30, 1992.

Nelson P. Lovins, Lovins & Metcalf, Woburn, Mass., for L. Addison & Assoc.

Kirk T. Manhardt, Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, D.C., for U.S.

## ORDER FOR ADDITIONAL BRIEFING

Pending before this court is defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rules of the United States Court of Federal Claims (RCFC) 12(b)(1), based on plaintiff's failure to comply with the requirements of the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1988) (CDA), specifically, that plaintiff have submitted a claim for a "sum certain" to the contracting officer and, to the extent it claims damages in this court in excess of

$50,000,[1] that it have certified its claim. The case also raises questions regarding the court's jurisdiction to award relief under the Tucker Act, 41 U.S.C. § 1491(a)(1) (1988), or under the Severin doctrine, *see Severin v. United States,* 99 Ct.Cl. 435, 442–43 (1943), because the plaintiff's claims in this court involve only nonmonetary disputes—the propriety of a change order, of a direction to proceed, and of a denied contract modification and thus appeared not to be for money "presently due and owing," *see United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). (Plaintiff's only arguably "monetary" claim is for reimbursement of any damages that might be awarded in its subcontractor's pending suit against plaintiff in the United States District Court for Massachusetts, C.A. No. 91–11106 (filed April 17, 1991).)

Consideration of these questions may be affected by the recent enactment of legislation giving this court jurisdiction to render "judgment upon any claim by or against or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, ... and other *nonmonetary disputes on which a decision of the contracting officer has been*

issued under section 6 of that Act." *See* 41 U.S.C. § 1491(a)(2), as amended by § 907(b) of the Federal Courts Administration Act of 1992 (FCAA), Pub.L. No. 102–572, 106 Stat. 4506 (1992) (emphasis added). The parties agree that a contracting officer's final decision was issued in response to plaintiff's letters dated April 20, 1990 and May 10, 1990, either on August 24, 1990 or December 17, 1990.[2] The August 24/December 17 final decision concluded that plaintiff and the government "do not have a disagreement concerning the provisions of our contract ..., however, [plaintiff] appear[s] to have a disagreement with [its] subcontractor." The case does not involve a dispute concerning termination of a contract.

Accordingly, defendant, within thirty days of this order, shall brief the issue of whether its motion to dismiss remains viable in light of this new legislation, and, if not, whether a dispositive motion is appropriate on other grounds, *e.g.,* because the August 24/December 17 final decision was not "issued under section 6 of [the CDA]," or did not "arise under" § 10(a)(1) of the CDA, because it was not based on a "claim" for a sum certain.[3]

---

1. The complaint does not specify the amount of damages, but seeks reimbursement for damages awarded against plaintiff in a pending federal district court action in which its subcontractor prays for damages of $1 million.

2. The August decision was reissued on December 17, 1990 because plaintiff claimed it had not received any response to the May letter. The reissued decision was received by plaintiff on December 20, 1990. Plaintiff's August 26, 1991 complaint in this court states that it is based on the August 24, 1990 decision.

3. Apparently with the intention of overruling *Overall Roofing & Constr., Inc. v. United States,* 929 F.2d 687 (Fed.Cir.1991), the amendment to 28 U.S.C. § 1491(a)(2) explicitly grants jurisdiction to this court over disputes concerning contract termination, and thus appears to eliminate, for such cases, the necessity for submission of a "claim" meeting the requirements of § 6 of the CDA (and the FAR regulations and cases interpreting § 6) to the contracting officer for a decision. (That is because the limiting phrase "on which a decision of the contracting officer has been issued under section 6 of that Act" can be read as modifying only "other non-

monetary disputes, and not "contract termination" disputes.")

It is *not* clear, however, that the disputes *not* specifically described in the amendment, *i.e.,* "other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of [the CDA]" include disputes that were not based on contracting officer decisions rendered (or deemed to have been rendered, *see* 41 U.S.C. § 605(c)(5)) in response to a "claim" meeting all the standards formerly applicable to CDA claims, *i.e.,* before the amendment to § 1491(a)(2). That is, it could be argued that a written claim seeking a "sum certain," "as a matter of right," presented to the contracting officer for a decision—the required elements of a "claim" set out in *Essex Electro Engineers, Inc. v. United States,* 960 F.2d 1576 (Fed.Cir.1992) (not deciding question of whether a claim must relate to a dispute, as held in *Dawco Constr., Inc. v. United States,* 930 F.2d 872 (Fed.Cir.1991))—is still a predicate for this court's jurisdiction in CDA cases, even if the disputed claim brought before *this court* is "nonmonetary."

On the other hand, if the most problematic element of the former definition of claim under the new amendment—the "sum certain" require-

Plaintiff's response shall be filed within thirty days after defendant's brief is filed and, if it now argues that this case involves a "nonmonetary dispute" cognizable under 28 U.S.C. § 1491(a)(2), as amended, warranting nonmonetary (equitable) relief, it shall identify the precise nature of any such relief it seeks, and shall file a motion for leave to amend the complaint to pray for such relief. Such motion shall set out, as necessary, plaintiff's standing [4] (ripeness may be an issue given that the District Court may not find plaintiff to be liable for any damages to its subcontractor) and the basis for its liability to the subcontractor as required under the *Severin* doctrine, and the extent of this court's discretion to award such relief under applicable equitable standards (*e.g.*, given the apparent availability of an adequate remedy at law).[5]

Plaintiff also shall address the question, raised supra, note 3, of whether the amendment to § 1491(a)(2), like the former Federal Declaratory Judgment Act (DJA) of 1948, (substituted by 28 U.S.C. §§ 2201, 2202 (1988)), merely added a remedy for cases already within this court's subject matter jurisdiction under § 1491(a)(1), or substantially extend this court's subject matter jurisdiction to hear previously noncognizable nonmonetary claims. *Cf. Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950) (when a complaint seeks declaratory

relief, there must be a basis for federal jurisdiction independent of the DJA itself).

---

ment—is a requirement imposed only by this court's Tucker Act limitations, and the amendment is viewed as amending the jurisdictional scope of the Tucker Act, 28 U.S.C. § 1491(a)(1)—and not merely as an additional remedy under 28 U.S.C. § 1491(a)(2), *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950) (Federal Declaratory Judgment Act (DJA) is procedural only, adding a remedy but not extending court's jurisdiction)—the "sum certain" requirement may have been eliminated by Pub.L. No. 102–572.

4. *Cf. Poe v. Ullman*, 367 U.S. 497, 502–03, 81 S.Ct. 1752, 1755, 6 L.Ed.2d 989 (1961) (observing that lack of standing or ripeness are defenses based not only on Article III limitations on judicial power but also on prudential concerns).

5. *See Hewitt v. Helms*, 482 U.S. 755, 762, 107 S.Ct. 2672, 2677, 96 L.Ed.2d 654 (1987) (noting that the "fact that a court *can* enter a declaratory judgment does not mean that it *should.*") (emphasis in original); *cf. Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962) ("Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.") (citations omitted); *Eccles v. Peoples Bank*, 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L.Ed. 784 (1948) ("A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest.").