**John C. CALHOUN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–443T.**

United States Court of Federal Claims.

Dec. 13, 1994.

John C. Calhoun, pro se, for plaintiff.

David R. House, Tax Div., Claims Court Section, U.S. Dept. of Justice, with whom was Michael L. Paup, Acting Asst. Atty. Gen., Attys. of Record, for defendant.

## OPINION

HORN, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(4) of the Rules of the United States Court of Federal Claims. Attempting to invoke the jurisdiction of this court, the *pro se* plaintiff challenges the actions taken by the Internal Revenue Service (IRS), including seizure of his assets for taxes not paid in 1979. Plaintiff seeks a refund of $787.48, plus $167.00 in interest, release of any and all liens against him, removal of all erroneous data furnished to third parties, and damages in the amount of $100,000.00, against the defendant for alleged injuries suffered by the plaintiff due to the actions of the IRS in dealing with the plaintiff.

### *FACTUAL BACKGROUND*

It appears from the record that the plaintiff did not file a tax return for the 1979 tax year, even though he claims to have prepared a 1040 tax form for that year. According to a letter plaintiff wrote to the IRS on March 19, 1991:

> After compiling all records for the year I completed form 1040 with Schedule C on May 1, 1980 (the year of 1979 may have erroneously been on the 1040 form) but did not mail it since I had a business loss of $33,000. dollars. In following General instructions for form 1040, page 4, I concluded that I did not have to file for 1979.

A notice of deficiency, dated September 29, 1989, was mailed to the plaintiff via certified mail, addressed to John C. Calhoun, P.O. Box 70620, Washington, D.C. 20024. This notice of deficiency was returned to the IRS, unclaimed by the plaintiff. On or about the same day, a duplicate notice of deficiency was mailed to John C. Calhoun, P.O. Box 8015, Washington, D.C. 20024. This notice was also returned to the IRS, unclaimed by plain-

tiff, with a notation crossing out 8015 and inserting 70620 as the Box number on the address.[1]

Subsequently, the Secretary of Treasury assessed the plaintiff taxes in the amount of an audit deficiency for $25,842.63, together with penalties and interest in the amount of $59,179.63. Two notices of taxes due were issued to plaintiff, one on March 5, 1990 and the second on June 25, 1990, both sent to the P.O. Box 8015 address.

On November 26, 1990, defendant mailed a Notice of Intent to Levy to plaintiff to the P.O. Box 70620 address, in the total amount of $106,679.85. Plaintiff failed to respond. On January 6, 1991, the IRS levied plaintiff's account held by the Pentagon Federal Credit Union in order to collect the taxes due. Plaintiff's account held by the Government Employees Credit Union was levied on March 11, 1991.

On July 19, 1993, plaintiff brought suit in the United States Court of Federal Claims seeking the return of the levied assets, release of any and all liens placed against plaintiff's assets, and damages against the defendant for its actions involved while dealing with plaintiff's tax matter. On October 15, 1993, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### DISCUSSION

In a motion to dismiss, the court may consider all relevant evidence in order to resolve any disputes as to the truth of the jurisdictional facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). The court is required to decide any disputed facts which are relevant to the issue of jurisdiction. *Id.* at 747.

The basic standards for weighing the evidence presented by the parties when evaluating a motion to dismiss for lack of jurisdiction, pursuant to RCFC Rule 12(b)(1), have been articulated by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit as follows: "in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *accord Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). In rendering a decision, the court must presume the undisputed factual allegations included in the complaint by plaintiff are true. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d at 746; *Miree v. De Kalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977).

The burden of establishing jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780–85, 80 L.Ed. 1135 (1936); *Pasco Enterprises. v. United States,* 13 Cl.Ct. 302, 305, (1987); *Metzger, Shadyac & Schwartz v. United States,* 10 Cl.Ct. 107, 109 (1986). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Moreover, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981).

It has long been an established principle of federal law that "courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction." *Ex Parte Bollman,* 4 Cranch 75, 8 U.S. 75, 93, 2 L.Ed. 554 (1807) (Marshall, C.J.); *see also UNR Industries, Inc. v. United States,* 962 F.2d 1013, 1025 (Fed.Cir.1992),

---

1. It should be noted that the IRS appears to have used its best efforts to provide proper notice to the plaintiff. Plaintiff, however, has added to the confusion in this matter by using two different addresses. On plaintiff's 1040 form, Exhibit D to the Complaint, plaintiff lists P.O. Box 8015, Washington, D.C. 20024 as his address. Later, in correspondence that plaintiff transmitted to the IRS, Exhibits E and F to the Complaint, plaintiff states that P.O. Box 70620, Washington, D.C. 20024–0620 is his address. Defendant utilized both of the above addresses to notify plaintiff of a tax deficiency. Plaintiff failed to respond to either notification.

aff'd, Keene Corp. v. United States, —— U.S. ——, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). Thus, "[c]ourts created by statute can have no jurisdiction but such as the statute confers." Sheldon v. Sill, 49 U.S. 441, 8 How. 441, 12 L.Ed. 1147 (1850). The United States Supreme Court reiterated this principle restating "[t]he age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exits...." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988) (citing Sheldon v. Sill, 49 U.S. at 449).

■ The jurisdiction of the United States Court of Federal Claims [2] is created by statute and is, therefore, subject to the limitations and conditions included in the statute itself. The Tucker Act, 28 U.S.C. § 1491, is the primary statute defining the jurisdiction of this court, as follows:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). It is also clear, however, that: "The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." United States v. Testan, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (citing Eastport S.S. Corp. v. United States, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1007–09 (1967)). See also United States v. Mitchell,

463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983).

■ Moreover, it also is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citations omitted). The Supreme Court has stated, in a case emanating from the United States Court of Claims, that it is clear that a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Thus, except as Congress has consented to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States...." United States v. Sherwood, 312 U.S. at 587–88, 61 S.Ct. at 770.

In the complaint and memorandum of opposition to defendant's motion to dismiss, filed by plaintiff in this court, he attempts to meet the necessary jurisdictional requirements by setting forth various claims on which, he argues, the United States has consented to be sued, and which, therefore, properly lodge jurisdiction in this court. As discussed below, and as the defendant correctly maintains, none of plaintiff's various claims, even assuming they are true, vest this court with the requisite jurisdiction to entertain the claims which plaintiff raises in the above captioned lawsuit.

Mr. Calhoun asserts that the defendant violated several of plaintiff's constitutional rights, including his First Amendment right to petition the government, his Fourth Amendment right of protection against un-

---

2. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name of the United States Claims Court to the United States Court of Federal Claims. The United States Court of Federal Claims is the successor to the United States Claims Court in all respects. The United States Claims Court was a successor court to the United States Court of Claims as a result of the Federal Courts Improvement Act of 1982, Pub.L. 97–164, 96 Stat. 27 (1982) codified at 28 U.S.C. § 171 (1988). Decisions of the United States Court of Claims are considered binding on the United States Court of Federal Claims. South Corporation v. United States, 690 F.2d 1368 (Fed.Cir.1982) (en banc), United States Claims Court General Order No. 1.

reasonable seizure and the prohibition against the deprivation of liberty without the due process of law and against cruel and unusual punishment, he argues are protected by the Fifth and Eighth Amendments to the United States Constitution. Plaintiff maintains that these violations of his constitutional rights confer jurisdiction on the United States Court of Federal Claims.

Initially, it must be pointed out that not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court. *Eastport,* 178 Ct.Cl. at 607, 372 F.2d 1002. In *United States v. Testan,* the Supreme Court stated:

> Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim—whether it be the constitution, a statute, or a regulation—does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'

424 U.S. 392, 401–02, 96 S.Ct. 948, 954–55, 47 L.Ed.2d 114 (1975) (quoting *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d 1002). This court, therefore, only can render judgment for money when a statute independently mandates payment of money damages by the United States. *Gentry v. United States,* 212 Ct.Cl. 1, 6, 546 F.2d 343, 345 (1976). Nothing in the Fourth or Eighth Amendments creates a cause of action for money damages. A Fifth Amendment due process violation does not create a cause of action for money damages.[3] Likewise, contrary to plaintiff's contentions, the First Amendment to the Constitution is not a general waiver of sovereign immunity for citizens to petition the government in any regard in the federal courts of the United States. In sum, nothing in these constitutional provisions relied on by plaintiff can be read to mandate compensation by the federal government or to grant a right to sue in this court.

Next, Plaintiff contends that he was improperly assessed the tax liability at issue and that, therefore, he should be allowed to bring a wrongful levy action in this court to challenge such alleged impropriety. Plaintiff also argues that the United States levied his service-connected disability benefits which are exempt from levy pursuant to 26 U.S.C. § 6334(a) (1988). That provision states, in relevant part, "[t]here shall be exempt from levy ... any amount payable to an individual as a service-connected ... disability benefit." 26 U.S.C. § 6334(a)(10).

The right to sue for wrongful levy is established under 26 U.S.C. § 7426(a)(1) (1988), which grants individuals the right to sue the United States for wrongful levy, provided that the suit is brought in any district court of the United States by any person who claims an interest in the property, other than the person against whom is assessed the tax out of which the levy arose. 26 U.S.C. § 7426(a)(1).[4] This right to sue, however, is only applicable when a person's assets are wrongfully levied to satisfy the tax assessment of another. The plaintiff's assets in this case were levied to satisfy plaintiff's own tax burden. The statute does not grant the right to sue to those whose levy arose out of their own tax burden. Consequently, plaintiff may not invoke the right to sue

3. The court notes that although a Fifth Amendment due process violation does not create a cause of action for money damages, this court does have jurisdiction under the takings clause of the Fifth Amendment which states, "nor shall private property be taken for public use, without just compensation." Const. Amend. V. *See also Narramore v. United States,* 960 F.2d 1048 (Fed. Cir.1992); *Perry v. United States,* 28 Fed.Cl. 82, 84 (1993). In the instant case, however, plaintiff alleges that his property was taken without due process, not that it was taken for a public purpose without just compensation.

4. Applicable portions of § 7426(a) provide:

Actions permitted—
(1) Wrongful levy—If a levy has been made on property or property has been sold pursuant to a levy, and any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

under 26 U.S.C. § 7426, even in a United States District Court.

■ Plaintiff also seeks declaratory judgment releasing any and all liens on his assets. The Federal Courts have held that cases seeking relief other than for money damages, generally, are not within the jurisdiction of this court. *United States v. King*, 395 U.S. 1, 4–5, 89 S.Ct. 1501, 1502-03, 23 L.Ed.2d 52 (1969); *Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Continental Heller Constr. v. United States*, 21 Cl.Ct. 471, 473(1990). Congress, however, has granted this court equitable powers in certain cases with recent amendments to 28 U.S.C. § 1491(a)(2), by virtue of the Federal Courts Administration Act of 1992, Public Law No. 102–572, 907(b), 106 Stat. 4506, 4519. *See Sharman Co., Inc. v. United States*, 2 F.3d 1564, 1572 (Fed.Cir.1993); *L. Addison & Assoc., Inc. v. United States*, 27 Fed.Cl. 181, 182 n. 3 (1992). The Federal Courts Administration Act amends the Tucker·Act jurisdiction and allows this court to grant relief in a "dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued...." The power of this court to grant equitable relief is, however, by the language of the statute, limited to situations arising out of a contractual relationship with the government. The statute does not confer jurisdiction on this court to grant equitable relief in situations, such as raised in the claims presented by this plaintiff.

■ Although not specifically asserted, the language of this *pro se* plaintiff's complaint, if liberally construed, also might be read to include a claim for a tax refund. This court may entertain tax refund suits pursuant to the Tucker Act jurisdiction to render judgment upon any claim against the United States, and pursuant to 28 U.S.C. § 1346.[5] *See United States v. Emery, Bird, Thayer Realty, Co.*, 237 U.S. 28, 31–32, 35 S.Ct. 499, 500, 59 L.Ed. 825 (1915). This type of suit, however, may only be entertained in this court provided that the tax assessed has been paid fully prior to the filing of the complaint. *Flora v. United States*, 357 U.S. 63, 75, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958); *see also Cheatham v. United States*, 92 U.S. 85, 23 L.Ed. 561 (1875). Full payment of the assessed tax is an obligatory condition to bringing a tax refund suit. In this case, the plaintiff has not paid any of the taxes at issue. Consequently, this court lacks jurisdiction for a tax refund suit brought by this plaintiff until this condition has been met.

■ Further, 26 U.S.C. § 7422 (1988) requires that in order to maintain a tax refund suit, a claimant must first file a claim for refund or for credit with the Secretary.[6] The claimant must file a claim, appeal or demand as a prerequisite to a tax refund suit. *Tucker v. Alexander*, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253 (1927); *Missouri Pacific Railroad Co. v. United States*, 558 F.2d 596, 598 (Ct.Cl.1977). Having paid no tax, plaintiff also has not filed any claim for a refund with the Secretary. Again, without meeting this prerequisite, this court lacks the proper authority to grant this plaintiff relief.

---

5. Applicable portions of 28 U.S.C. §·1346(a) provide:

The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

6. 26 U.S.C. § 7422(a) provides:

No suit prior to filing claim for refund—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. 26 U.S.C. § 7422(a) (1989).

■ Plaintiff's complaint further seeks damages as a result of the actions of the IRS in dealing with the plaintiff's tax case. The complaint seeks damages for the emotional distress, loss of credit, and loss of business, allegedly suffered as a result of defendant's reckless and wrongful actions in the discharge by the IRS employees of official duties. Even assuming plaintiff's allegations of reckless and wrongful behavior by the IRS could be substantiated, this court, nevertheless, could not entertain plaintiff's claim because the claim sounds in tort. 28 U.S.C. § 1491(a)(1).

■ Jurisdiction to hear tort claims is exclusively granted to United States District Courts under the Federal Tort Claims Act. 28 U.S.C. 1346(b) (1988); *see also Wood v. United States,* 961 F.2d 195, 197 (Fed.Cir. 1992); *Martinez v. United States,* 26 Cl.Ct. 1471, 1476 (1992).[7] Plaintiff's claim for damages arises out of alleged reckless behavior by the defendant in the course of discharging official duties, which is clearly a claim sounding in tort. *Berdick v. United States,* 612 F.2d 533, 536, 222 Ct.Cl. 94 (1979); *Curry v. United States,* 609 F.2d 980, 982–83, 221 Ct.Cl. 741 (1979); *Blazavich v. United States,* 29 Fed.Cl. 371, 374 (1993). Plaintiff Calhoun has the burden of proof to establish that this court has jurisdiction to entertain his claims. Certainly, mere allegations by the plaintiff of improper or reckless behavior on the part of the defendant do not grant this court the requisite jurisdiction.

■ Plaintiff's memorandum in opposition to the defendant's motion to dismiss also alleges that the defendant disclosed information regarding the plaintiff's tax matter to third parties in violation of 26 U.S.C. § 6103(a)(1) (1988).[8] A plaintiff may sue the United States for violations of 26 U.S.C. § 6103 as provided in 26 U.S.C. § 7431. Section 7431 states that:

if any officer or employee of the United States knowingly, or by reason or negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a *district court* of the United States.

26 U.S.C. § 7431(a)(1) *(emphasis added).* The statute granting an individual permission to sue the United States, pursuant to 26 U.S.C. § 7431, only grants the right to sue for unauthorized disclosure in a United States District Court. A civil suit claiming unauthorized disclosure of tax returns must, therefore, be brought in such a United States District Court, not in the United States Court of Federal Claims.

### CONCLUSION

Although plaintiff challenges the taxes assessed against him and honestly may believe he has a valid claim, this court is bound by its limited jurisdiction. According to plaintiff:

Clearly Congress erred in instituting and pushing action for what could be termed an 'experimental' program without providing adequate safeguards for the innocent who might become entangled in a push to collect tax revenue from citizens termed 'non-filers.' No distinction was drawn between those not required and those required by law to file and pay.

It was with this mind set that prompted the IRS to prematurely take the erroneous

---

7. 28 U.S.C. § 1346(b) provides:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable

to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b) (1988).

8. 26 U.S.C. § 6103(a)(1) states:

Returns and return information shall be confidential, and except as authorized by this title—
1) no officer or employee of the United States, shall disclose any return or return information obtained by him in any manner in connection with his services as such an officer or an employee or otherwise or under the provisions of this section....

action that deprived Plaintiff of basic liberties and Constitutional rights of the pursuit of happiness, the right to engage in earning a livelihood.

The court rejects the plaintiff's apparent reasons for bringing this claim and for feeling he has been treated unjustly by the IRS. The claims brought by the above captioned plaintiff do not fall within the scope of the statutes granting jurisdiction to this court. Plaintiff has failed to meet his burden of proof to demonstrate that there exists any statutory authority which confers the necessary jurisdiction to entertain his claims in this court. Therefore, for the reasons discussed above, the defendant's motion to dismiss is, hereby, **GRANTED.**

**IT IS SO ORDERED.**