James Theodore WRIGHT, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 98–428 T.

United States Court of Federal Claims.

Jan. 19, 1999.

James Theodore Wright, Jr., pro se, for plaintiff.

Charles J. Crueger, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett; Chief, Court of Federal Claims Section, Mildred L. Seidman; and Assistant Chief David Gustafson for defendant.

### ORDER

MOODY R. TIDWELL, III, Senior Judge.

Pro se plaintiff James Theodore Wright, Jr., seeks a refund of money allegedly taken from his checking and savings accounts during enforcement actions prosecuted by the Internal Revenue Service (IRS) to collect delinquent tax payments. He also requests $11,000,000.00 in damages "for ruining my credit with banking institutions." On October 5, 1998, defendant filed the Motion of the United States to Dismiss the Complaint, arguing that the court lacks jurisdiction over plaintiff's claims. Plaintiff, currently incar-

cerated in the Taylor Correctional Facility in Perry, Florida, failed to file an opposition to defendant's motion. The court allows defendant's motion.

## BACKGROUND

Tax records provided by the parties show that plaintiff filed three separate tax returns for the 1994 tax year, as outlined in the chart below.[1] On October 24, 1995, plaintiff was assessed $411.00, with an additional assessment for 1994 of $3,009.00.[2] During the 1995 tax year, plaintiff overpaid slightly and $21.54 was credited toward the outstanding 1994 assessment balance. In August 1996, plaintiff made three payments totaling $125.00 which were credited toward the 1994 balance. In April 1997, a $279.00 overpayment for the 1996 tax year was also applied toward the 1994 assessment balance.

On February 13, 1997, the IRS sent a notice of levy to Suncoast Schools Federal Credit Union (Suncoast) and informed plaintiff that within 21 days he had to pay an unpaid tax assessment of $3,489.90, plus $686.24 for "statutory additions," or the credit union would be required to "send us your money." On May 2, 1997, the IRS informed plaintiff that his balance due was $4,337.00, including penalties and interest, and it was "very important that you contact us immediately to avoid any further enforcement action, including additional levies on income and bank accounts." There is no evidence of additional levies, however. In a December 13, 1997 letter, plaintiff requested an opportunity to "confront Internal Revenue Service in court if granted the opportunity." On May 6, 1998, plaintiff filed his complaint in this court.

## DISCUSSION

■ The Court of Federal Claims is created by statute, and its jurisdiction is limited to that defined by statute. *See Calhoun v.*

*United States,* 32 Fed.Cl. 400, 404 (1994), *aff'd,* 61 F.3d 918 (Fed.Cir.1995). Section 1346(a)(1) of Title 28 grants concurrent jurisdiction over claims for tax refunds to this court and to the district courts:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1) (1993). However, the Supreme Court has expressly concluded that a plaintiff can obtain jurisdiction under this section only if it is shown that the tax assessed was paid in full at the time the claim was filed: "[It is] our view that § 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The *Flora* full payment rule has long been applied in the Court of Federal Claims and its precursors as well. *See, e.g., Rocovich v. United States,* 933 F.2d 991, 993–94 (Fed.Cir. 1991), and cases cited therein.

■ "The burden of establishing jurisdiction is on the plaintiff." *Calhoun,* 32 Fed.Cl. at 403. In this case, plaintiff is unable to satisfy this burden because the evidence demonstrates that plaintiff had not paid his tax assessment in full when he filed his complaint. The defendant appended to its motion a Certificate of Assessments and Payments (certificate) from the Department of the Treasury, Internal Revenue Service (IRS), which lists plaintiff's tax assessments and credits for the 1994 tax year. The docu-

---

1.

| Tax Form | Date Signed | Overpayment or (Liability) Claimed |
|---|---|---|
| 1040 | August 14, 1995 | $60,000.00 |
| 1040A | October 3, 1995 | ($2,059.00) |
| 1040 | October 19, 1995 | ($539.00) |

2. Apparently, plaintiff had failed to pay all his taxes since 1988, for on October 24, 1995, $950.00 of withholding credits paid during the 1994 tax year were transferred to be applied toward outstanding balances remaining from plaintiff's 1988, 1989, and 1992 tax years, as well as payment of the $411.00 partial assessment made in 1994.

ment, dated July 16, 1998, is signed by the supervisor of the Special Services Unit and certifies that it is a "true and complete transcript for the period stated and all assessments, penalties, interests, abatements, credits, refunds, and advance or unidentified payment relating thereto as disclosed by the records of this office as of the date of this certification are shown therein."

The certificate shows that on October 24, 1995, assessments of $411.00 and $3,009.00 were made. That same day, withholding credits of $950.00 were applied toward plaintiff's 1988, 1989, and 1992 tax year assessments. This left plaintiff with a tax assessment balance of $3,009.00. To this the IRS added a $370.50 delinquency penalty and $256.94 in interest, also effective October 24, 1995. Since that date, plaintiff's account has been credited for overpayments of $21.54 and $279.00 for the 1995 and 1996 tax years respectively, and $125.00 paid in August 1996. In short, since October 24, 1995, the maximum amount that could have been credited against plaintiff's $3,009.00 assessment balance is $425.54.[3] The plaintiff provides no evidence to the contrary, and the court finds, for purposes of determining its jurisdiction to hear the matter, that plaintiff has not paid the tax assessed in full. Therefore, the court lacks jurisdiction over the claim for a refund.

■ Plaintiff also argues that his "communication" to the IRS was improperly ignored. This argument, essentially a due process claim, also lies outside the court's jurisdiction. In addition to section 1346, the court also derives its jurisdiction from the Tucker Act, 28 U.S.C. § 1491 (1994). However, the Supreme Court has held that "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). In certain cases, where a money-mandating provision has already established jurisdiction, a plaintiff may prosecute infringement of a constitutional right where it constitutes "a factor in the claim" for which jurisdiction is established. *See Holley v. United States,* 124 F.3d 1462, 1466 (Fed.Cir. 1997). However, "the Due Process Clause does not provide an additional cause of action" which alone can provide jurisdiction in the absence of money-mandating law. *See Black v. United States,* 28 Fed.Cl. 177, 186, *aff'd,* 16 F.3d 421 (Fed.Cir.1993). Plaintiff's due process complaint is not properly before the court because there is no underlying claim which provides jurisdiction to this court.

■ Finally, plaintiff prays for eleven million dollars in damages "for ruining my credit with banking institutions." This claim is also outside the scope of the court's jurisdiction. In *Calhoun,* the court considered a similar claim where a taxpayer sought damages for "loss of credit ... allegedly suffered as a result of defendant's reckless and wrongful actions in the discharge by the IRS employees of official duties." 32 Fed.Cl. at 407. The court held that "[e]ven assuming plaintiff's allegations of reckless and wrongful behavior by the IRS could be substantiated, this court, nevertheless, could not entertain plaintiff's claim because the claim sounds in tort. 28 U.S.C. § 1491(a)(1)." *Id.* In light of *Calhoun* and section 1491(a)(1), the court must dismiss plaintiff's tort claim as well.

The unopposed Motion of the United States to Dismiss the Complaint is *ALLOWED.* The Complaint in the above-captioned case is *DISMISSED.*

**IT IS SO ORDERED.**

---

3. There is no evidence that the IRS actually levied against plaintiff's Suncoast account(s), for the certificate does not refer to any payments made after the notice of levy other than the 1996 overpayment credit.