**Kenneth EVERSLEIGH and Juliana Eversleigh, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 90–527 C.

United States Claims Court.

Oct. 23, 1991.

Keith W. Watters, Washington, D.C., for plaintiffs.

A. David Lafer, with whom were Director David M. Cohen, Asst. Atty. Gen. Stuart Gerson, Dept. of Justice, and Geoffrey A. Drucker, U.S. Postal Service, Washington, D.C., for defendant.

## ORDER

WIESE, Judge.

### I. GRANTING DEFENDANT'S MOTION TO DISMISS

and

### II. DIRECTING ENTRY OF JUDGMENT DISMISSING THE COMPLAINT

I

On December 7, 1989, several items of personal property belonging to either Juliana Eversleigh or her son Kenneth Eversleigh were seized by the Postal Inspection Service following Kenneth's arrest on drug-related charges. Thereafter, the Postal Service initiated forfeiture proceed-

ings, employing mailed as well as publication notice to alert plaintiffs of their right to contest the proceedings. On February 16, 1990, the Postal Service declared the seized property to be forfeited.

Plaintiffs assert both that the notice was defective and that the Postal Service abused its discretion in denying an extension of time to file a claim for recovery of the property. Plaintiffs argue that these acts constitute a taking of property within the meaning of the Fifth Amendment and also a violation of due process. Defendant maintains that this court lacks jurisdiction to hear these claims, or, alternatively, that the Government is entitled to summary judgment based on the facts.

Oral argument was heard on these issues on October 15, 1991, at the conclusion of which the court announced a ruling in defendant's favor. We restate here the reasons for that ruling.

## II

The forfeiture proceeding employed by the Postal Service upon which plaintiffs base their claimed entitlement to monetary relief is not a property deprivation of the sort that can give rise to a compensable taking under the Fifth Amendment.

There is an important distinction to be drawn between takings of property for public use under eminent domain powers and regulation of property under police powers. The former appropriates private property for public use and requires the payment of just compensation, while the latter seeks to prevent the continued use of private property in ways detrimental to organized society. *Noel v. United States*, 16 Cl.Ct. 166, 170 (1989).

Forfeiture proceedings fit into this latter category, as they are "quasi-criminal" in nature, undertaken in support of the criminal laws. *United States v. United States Coin & Currency*, 401 U.S. 715, 718, 91 S.Ct. 1041, 1043, 28 L.Ed.2d 434 (1971); *Boyd v. United States*, 116 U.S. 616, 634, 6 S.Ct. 524, 534, 29 L.Ed. 746 (1886). Forfeiture statutes have long been justified as fostering the purposes served by the underlying criminal statutes, "both

by preventing further illicit use of the [property] and by imposing an economic penalty, thereby rendering illegal behavior unprofitable." *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 687, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 (1974). Thus, if the forfeiture of property used in criminal activity is carried out in a lawful manner, it constitutes a permissible exercise of governmental authority and does not require just compensation. *Noel*, 16 Cl.Ct. at 170. Nor would it matter that the owner of the forfeited property was unaware of its illicit use. Having entrusted the use of the property to another, the owner bears the consequences of his actions. *Calero–Toledo*, 416 U.S. at 680–90, 94 S.Ct. at 2090–95.

On the other hand, if a forfeiture is carried out in a manner that denies the property owner the procedural protections afforded by the forfeiture statute, then the forfeiture is unlawful. Such invalidity, however, cannot be the foundation for a Fifth Amendment taking claim. *Florida Rock Indus. Inc. v. United States*, 791 F.2d 893, 898–99 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987). A taking claim may only be based on the Government's rightful exercise of its property, contract or regulatory powers. *Golder v. United States*, 15 Cl.Ct. 513, 518 (1988).

The remedy for an unlawful forfeiture proceeding is a suit for return of the property, a form of equitable relief this court is not empowered to grant. *See, e.g., In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,-470.00)*, 901 F.2d 1540 (11th Cir.1990).

Finally, this court does not have jurisdiction to consider plaintiff's demand for monetary relief based on an asserted denial of due process. To come within the jurisdiction of the Claims Court, the law invoked must be one whose terms authorize the monetary relief sued for. The claim, in other words, must seek the vindication of a *right* to money. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Unlike the Taking Clause, however, the Due Process Clause of the Fifth Amendment does not

incorporate, either expressly or by implication, a self-executing remedy for money damages against the United States. *Noel,* 16 Cl.Ct. at 166. Accordingly, this court lacks jurisdiction to grant relief based on plaintiffs' due process claim.

### III

For the reasons stated, the injuries alleged are not redressable in this court. Plaintiffs' claim for the payment of just compensation pursuant to the Taking Clause is denied for failure to state a claim on which relief can be granted; the claim for monetary relief pursuant to the Due Process Clause is dismissed for lack of jurisdiction. The Clerk shall enter the appropriate judgment. No costs.