961 F.2d 1349
 UNITED STATES of America, Appellant,
v.
Wilbert P. FEISTE; Dianna L. Perry; Elyzabeth A. Johnson;
John R. Jindra; Kenneth M. Sass; Joseph J. Sterba; Penny
C. Neilsen-Logue; Donald J. Dougherty; Donald R. Dostal;
Joan M. Pace; Kenneth E. Seffron; Samuel S. Distefano;
Norton H. Stephens; Eugene L. Larson; Michael J.
Steinhauer; Gerald L. Miles; Douglas L. Nelson; Fred R.
Kelly, Appellees.
 No. 91-1576.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 17, 1991.
Decided April 15, 1992.
 
 Robert F. Kokrda, Omaha, Neb., for appellant.
 James Martin Davis, Omaha, Neb., argued (David R. Stickman on brief), for appellees.
 Before LAY,* Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 The government appeals from the district court's[1] order granting defendants' motion to suppress state-authorized wiretap recordings. The court suppressed the recordings based on the untimely sealing of the tapes, 18 U.S.C. § 2518(8)(a) (1988), and because government investigators failed to obtain proper court-ordered authorization to use the tapes in a federal prosecution. United States v. Feiste, No. CR. 89-0-115 (D.Neb. Feb. 7, 1991) (order granting motion to suppress). The government asserts (1) the thirty-one day delay was caused by tape malfunction and was "objectively reasonable"; and (2) additional authorization under 18 U.S.C. § 2517(5) (1988) was not necessary to use the recordings in a federal prosecution because the evidence pertained to the same crime for which the original authorization was sought.[2] We affirm.
 
 
 2
 In September of 1989, defendants Wilbert Feiste and seventeen others were charged with operating an illegal gambling operation.[3] 18 U.S.C. § 1955 (1988). The government obtained much of the evidence implicating defendants through the use of wiretaps which were authorized by a state district judge on December 31, 1987. The state judge's order specified that the communications subject to interception were to pertain to the gambling offenses enumerated in sections 28-1102 through 28-1105.1, Nebraska Revised Statutes. The government intercepted over 1400 conversations through use of these wiretaps, which were ordered for two residential numbers registered to defendant Elyzabeth Johnson. The tapes were not sealed by the state judge until March 1, 1988, thirty-one days after the last conversation was intercepted and twenty-nine days after the termination order was issued. The government explains that the delay occurred because two working tapes (copies of originals used to make transcriptions) broke, and the federal investigators feared others would do the same. Thus, in order to expedite the process of making new working tapes when old working tapes broke, the government argues, federal investigators did not return the originals until after they had checked each working tape for breakage.
 
 
 3
 Title 18 U.S.C. § 2518(8)(a) requires that any failure to seal wiretap tapes "[i]mmediately upon the expiration of the period of the order" mandates their suppression in the absence of a "satisfactory explanation." In order to be satisfactory, the explanation must "not only [explain] why a delay occurred but also why it is excusable." United States v. Rios, 495 U.S. 257, 265, 110 S.Ct. 1845, 1850, 109 L.Ed.2d 224 (1990). In determining whether an explanation is "excusable," the government urges this court to adopt the analysis utilized by the court in United States v. Maldonado-Rivera, 922 F.2d 934 (2d Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2858, 115 L.Ed.2d 1025 (1991), a post-Rios case dealing with a sealing delay occurring prior to the Rios decision.[4] Under Maldonado-Rivera, a pre-Rios delay is excusable if (1) the government has advanced reasons for the delay, such as the need to perform administrative tasks relating to the tapes prior to sealing; (2) there is no basis to infer that the government sought the delay in order to gain a tactical advantage; and (3) there has been no showing of tampering or any other prejudice to the defendant. Id. at 950, citing United States v. Rodriguez, 786 F.2d 472, 477 (2d Cir.1986). Maldonado-Rivera also holds that a delay based on "the government's erroneous understanding [of the law]" may be excusable if the law "has not been settled and the misunderstanding is not otherwise unreasonable." 922 F.2d at 950.
 
 
 4
 We of course will not disturb the district court's findings of fact unless they are clearly erroneous. The matter of whether the government's explanation is satisfactory, however, is a matter of law subject to plenary review. Id.
 
 
 5
 The government argues that the delay occurred due to the necessity of performing a reasonable administrative task--checking the working copies of over 1400 conversations before sealing the original tapes. Performing this task prior to sealing the tapes was reasonable, the government urges, since, at that time, Nebraska courts had repeatedly stated that only substantial compliance with the "immediacy" statute was necessary. State v. Hinton, 226 Neb. 787, 415 N.W.2d 138, 146 (1987). Furthermore, the government maintains, the delay occurred in good faith: No tactical advantage was sought and none resulted, and the integrity of the tapes has never been questioned.
 
 
 6
 However, the district court found that the reason the government gave for its failure to immediately seal the original tapes "was simply a matter of convenience." Feiste, No. CR. 89-0-115 at 3. This finding is not clearly erroneous. The government states that the tapes were not immediately sealed because the FBI was checking the "working tapes" for breakage. Yet, the custodian of the tapes, Omaha Police Officer James Murray, did not know about any specific "breakage" problems with the working tapes. Officer Murray testified that while he thought there was some problem with the working tapes, he did not know the specific nature of the problem until the defendants filed their motion to suppress. More importantly, Officer Murray candidly testified that because of his understanding of Nebraska law, he knew that "there was always this sense of urgency that they [the tapes] needed to get to the courthouse as soon as we were able to, but I was wrong and I erred in that I didn't do it immediately upon the expiration of the wire intercept." Tr. at 333. He added that he "wasn't cognizant of any exceptions [to the Nebraska law]." Id.
 
 
 7
 Even if Officer Murray had been informed of the specific nature of the problems regarding the working tapes, the delay was inexcusable since his testimony clearly indicates he did not believe such a difficulty, or any other difficulty for that matter, constituted an exception to the statute's immediacy requirement. Thus, far from a "sufficient excuse," the government is left with virtually no excuse for its delay.
 
 
 8
 Judgment affirmed.
 
 
 
 *
 The Honorable Donald P. Lay was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge of the United States District Court for the District of Nebraska
 
 
 [2]
 The trial court did not pass on the magistrate's finding that additional authorization was needed. In view of our affirmance of the district court's finding that the tapes were not timely sealed, we need not review the magistrate's finding
 
 
 [3]
 Feiste was also charged with evasion of the gambling excise tax pursuant to 26 U.S.C. § 7201 (1988)
 
 
 [4]
 Maldonado-Rivera involves the same government wiretap operation that was at issue in Rios