**Diana L. PERRY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–668C.**

United States Court of Federal Claims.

April 6, 1993.

James M. Davis, Omaha, NE, for plaintiff.

Ross D. Cooper, Washington, DC, with whom was Acting Asst. Atty. Gen., Stuart E. Schiffer, for defendant.

## ORDER

NETTESHEIM, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Argument is deemed unnecessary.

## FACTS

The following facts drawn from plaintiff's amended complaint are undisputed, except where noted. In 1989 Diana Perry ("plaintiff") was indicted for alleged violations of federal gambling laws. Much of the evidence implicating plaintiff was obtained by the Federal Bureau of Investigation (the "FBI"), in Omaha, Nebraska, through the use of wiretaps that were authorized by a state district court judge. On January 29, 1988, as a result of the information obtained from the wiretaps, the district court judge issued a search warrant authorizing the search of a safety deposit box believed to be owned by plaintiff. On January 30, 1988, the FBI seized approximately $70,000.00 in cash and a solid silver bar, valued at approximately $675.00, from plaintiff's safety deposit box on the ground that plaintiff violated the Prohibition of Illegal Gambling Business Statute, 18 U.S.C. § 1955 (1988).

In a certified return-receipt letter, signed by plaintiff, on March 10, 1988, the Administrative Services Division of the FBI informed plaintiff, pursuant to 28 C.F.R. § 8.8 (1987), of the January 30, 1988 seizure and intended administrative forfeiture of property. The FBI's letter advised plaintiff that in order to contest the seizure or impending forfeiture, she was required by April 25, 1988, to file with the FBI a claim of ownership and to post a bond in the amount of $5,000.00. On April 27, 1988, plaintiff's attorney, Anthony S. Troia, filed a claim of ownership and posted the required bond on behalf of plaintiff. Subsequently, on April 28, 1988, the FBI returned plaintiff's submissions to Mr. Troia, informing him that the deadline for such submissions had passed and that procedures to administratively forfeit the property would continue. The FBI's letter also stated that if plaintiff wished to request the remission or mitigation of the forfeiture, she could, pursuant to 28 C.F.R. §§ 9.4–9.7 (1987), file a petition for remission within 30 days.

On May 11, 1988, plaintiff filed a petition for remission or mitigation of the forfeiture. On July 13, 1988, Mr. Troia informed the FBI agents responsible for handling the petition that plaintiff would not consent to be interviewed regarding the facts supporting her petition for remission. Plaintiff's refusal of any interview, coupled with her failure to offer any evidence supporting her petition, led the FBI to determine that plaintiff had not satisfied her burden of establishing that remission or mitigation was appropriate. Subsequently, the FBI denied plaintiff's petition.

Following this denial, plaintiff requested on September 29, 1988, pursuant to 28 C.F.R. § 9.4(i), that the FBI reconsider its denial of her petition for remission or mitigation. On November 25, 1988, the FBI denied plaintiff's request for reconsideration since she presented no evidence indicating she was without knowledge or reason to believe that the property seized was used to violate federal gambling laws.

On April 15, 1992, the United States Court of Appeals for the Eighth Circuit affirmed the decision of the United States District Court for the District of Nebraska to suppress the state-authorized wiretap recordings, which served as the basis for the search warrant covering the safety deposit box, as well as for plaintiff's indictment. *United States v. Feiste*, 961 F.2d 1349 (8th Cir.1992). In *Feiste* the Government had appealed the district court's order granting defendant's motion to suppress the state-authorized wire tap recordings. The court suppressed the recordings because the tapes were not timely sealed pursuant to 18 U.S.C. § 2518(8)(a) (1988), and because government investigators failed to obtain proper court-ordered authorization to use the tapes in a federal prosecution. *Id.*

As a result of the Eighth Circuit's decision, the Government dismissed plaintiff's indictment on May 26, 1992. Contrary to plaintiff's allegation, defendant asserts that the court has not issued an order demanding the return of property seized in connection with this investigation.*

On September 28, 1992, plaintiff filed suit in the United States Claims Court, now the United States Court of Federal Claims, seeking $70,675.00, plus interest, attorneys' fees, and costs, based on a taking of her property.

## DISCUSSION

Defendant has moved to dismiss this action pursuant to RCFC 12(b)(1), arguing that the court does not have jurisdiction since there has been no compensable taking of plaintiff's property by the United States. According to defendant, plaintiff grounded her complaint in noncompensable constitutional provisions and previously had pursued her claim by way of administrative forfeiture. Defendant contends that the constitutional provisions relied upon are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), and that the ad-

* Defendant notes that if such a court order does exist, then plaintiff's remedy would be to seek

ministrative forfeiture procedures are exclusive and not reviewable by the judiciary.

■ Plaintiff asserts jurisdiction under the Tucker Act, which confers jurisdiction in the Court of Federal Claims over claims based upon substantive rights grounded in the Constitution, a contract, an act of Congress or a regulation of an executive department. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 *cert. denied*, 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976). Plaintiff does make a claim based on a fifth amendment takings violation over which the Court of Federal Claims has jurisdiction. However, 28 C.F.R. §§ 8.1–8.8, under which plaintiff's money was forfeited, grants the court jurisdiction only if plaintiff filed a claim and posts a bond within 20 days of the seizure. Plaintiff has failed to comply with this requirement, and the court therefore lacks jurisdiction to hear such a claim. Furthermore, in reviewing a seizure and forfeiture pursued through administrative procedures, it would be improper for a court to reach the merits of the administrative decision. *United States v. One 1970 Buick*, 463 F.2d 1168, 1170 (5th Cir.), *cert. denied*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972). Accordingly, this court must refrain from so reaching the merits now.

Additionally, the Court of Federal Claims has rejected the notion that the seizure and administrative forfeiture of money, pursuant to federal seizure and forfeiture statutes, is a compensable fifth amendment taking. *Eversleigh v. United States*, 24 Cl.Ct. 357, 359 (1991). The forfeiture proceeding employed by the FBI upon which plaintiff has based her claim is not a property deprivation of the sort that can give rise to a compensable taking under the fifth amendment. The court explained:

There is an important distinction to be drawn between takings of property for public use under eminent domain powers and regulation of property under police powers. The former appropriates private property for public use and requires

enforcement of that order in the issuing court.

the payment of just compensation, while the latter seeks to prevent the continued use of private property in ways detrimental to an organized society [and does not require just compensation].

*Id.; see also Noel v. United States,* 16 Cl.Ct. 166, 170 (1989) (action seeking return of forfeited asset).

Forfeiture proceedings fit into this latter category, as they are "quasi-criminal" in nature, undertaken in support of the criminal laws. *United States v. United States Coin & Currency,* 401 U.S. 715, 718, 91 S.Ct. 1041, 1043, 28 L.Ed.2d 434 (1971). Forfeiture statutes have long been justified as fostering the purposes served by the underlying criminal statutes, "both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable...." *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 687, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 *reh'g denied,* 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974). Thus, if the forfeiture of property used in criminal activity is carried out in a lawful manner, such as in this case, it constitutes a permissible exercise of governmental authority and does not require just compensation. *See Eversleigh,* 24 Cl.Ct. at 359; *Noel,* 16 Cl.Ct. at 170.

On the other hand, if a forfeiture is handled in such a manner that the property owner is denied procedural protection afforded by the forfeiture statute, the forfeiture is unlawful. Such unlawful action, however, cannot be the predicate for a fifth amendment takings claim. *Florida Rock Industries Inc. v. United States,* 791 F.2d 893, 898–99 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987), *on remand,* 21 Cl.Ct. 161 (1990). A takings claim may only be based on the Government's rightful exercise of its property, contract, or regulatory powers. *Id.; see also Golder v. United States,* 15 Cl.Ct. 513, 518 (1988) (forfeiture action alleging violation of fifth amendment rights).

The proper remedy for a unlawful forfeiture proceeding is a suit for return of the property. The Court of Federal Claims is not empowered to grant equitable relief of this kind. *Eversleigh,* 24 Cl.Ct. at 359.

## CONCLUSION

If the FBI's seizure of plaintiff's property was proper, the property was forfeited pursuant to the applicable statutes and regulations. If the FBI's seizure of plaintiff's property was improper under the United States Constitution or the applicable statutes and regulations, plaintiff does not state a claim within the jurisdiction of the court. Accordingly, based on the foregoing, defendant's motion to dismiss is granted, and the Clerk of the Court shall enter judgment dismissing the complaint for lack of jurisdiction.