**William Sanford GADD, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 02–734C.

United States Court of Federal Claims.

March 13, 2003.

---

William Sanford Gadd, pro se.

Patrick J. Mercurio and David Harrington, Commercial Litigation Branch, Civil Division, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Robert D. McCallum, Jr., Assistant Attorney General, United States Department of Justice, for the defendant. Mary Beth DeLuca, Office of General Counsel, United States Secret Service, of counsel.

## ORDER

HORN, Judge.

The plaintiff filed a complaint, *pro se*, alleging that agents of the United States improperly seized certain bank accounts belonging to plaintiff. The defendant responded by filing a motion to dismiss, to which the plaintiff responded. Plaintiff alleges violations of the Fifth Amendment to the United States Constitution and that an illegal exaction occurred.

The plaintiff's complaint alleges the following:

*CLAIM ONE TAKING PROPERTY WITHOUT DUE PROCESS OF LAW*: Agents, employees, officers of the United States Secret [sic], Justice Department, the United States Judiciary to deprive the Petitioner of property and right to property without due property [sic] of law a violation of petitioners [sic] right pursuant to the Fifth Amendment of the Constitution of the United States of America.

*CLAIM TWO ILLEGAL EXACTION*: the banks [sic] accounts seized without due process of law amount to illegal exaction. The Petitioner owed no money to the government [sic] the funds were taken arbi-

trarily, wrongfully to ad [sic] funds to cover budget shortfalls of the United States Secret Service. "(1) that money was taken by the Government and (2) that a provision of the Constitution was violated in doing so." *Bowman v. United States,* 35 Fed.Cl. 397 (1996).

The plaintiff's complaint seeks the following remedy:

### WHEREAS RELIEF REQUESTED

The Petitioner requests the court order a payment to the Petitioner the sum of $2,699,762.00 which includes the principal amount of $342,692.43 plus 3.5% interest per month compounded for the last 5 years.

The plaintiff's complaint also contains a section titled "VERIFICATION" and states that:

Affiant, William Sanford Gadd©, the secured party, as evidenced by the UCC–1 filed in the West Virginia Secretary of State UCC Division, a living, breathing, flesh-and-blood man under the laws of God, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no bar attorney, is without an attorney, and having never been represented by an attorney, and not waiving counsel, knowing and willingly Declares and Duly affirms, in accordance with law, in good faith, that any matter relating to this, are of Affiant's own firsthand knowledge, does solemnly swear, declare, and depose: the Affiant is competent to state matters set forth herein; that Affiant has personal knowledge and belief of the facts stated herein; and all facts stated herein are true, correct, complete, and certain.

### FACTUAL BACKGROUND

William Sanford Gadd and Eddie Bradford Lee have filed multiple lawsuits in the United States District Court for the Western District of North Carolina, which all arise out of the same set of facts. *See Lee v. Mullen,* No. 3:99CV180, 1999 WL 907537, at *1 (W.D.N.C. Sept.2, 1999) (unpublished), *aff'd,* 232 F.3d 888 (4th Cir.2000) (per curiam) (table); *Lee v. Mullen,* No. 3:99CV180, 1999

WL 1529609, at *1 (W.D.N.C. Dec.13, 1999) (unpublished) (sanctions); *Gadd v. Rubin,* 173 F.3d 850 (4th Cir.1999) (per curiam) (table); *Gadd v. Potter,* 145 F.3d 1324 (4th Cir.1998) (per curiam) (table); *Lee v. McClellan,* No. 3:97CV355–P, 1997 WL 882907, at *1 (W.D.N.C. Nov.18, 1997) (unpublished), *aff'd,* 153 F.3d 720 (4th Cir.1998) (per curiam) (table), *cert. denied,* 526 U.S. 1088, 119 S.Ct. 1498, 143 L.Ed.2d 652 (1999).[1]

In 1997, a search warrant was executed at the Huntersville, North Carolina branch of Wachovia Bank & Trust Company, N.A. and the assets in fourteen trust accounts totaling $342,692.43 were seized. *See also Lee v. Mullen,* 1999 WL 1529609, at *1; *Lee v. McClellan,* 1997 WL 882907, at *1. The search warrant was issued by a United States Magistrate Judge in the Western District of North Carolina based on information from federal agents. *See also Lee v. Mullen,* 1999 WL 1529609, at *1. The government initiated administrative forfeiture proceedings with regard to the bank accounts. *Id.* Mr. Gadd and Mr. Lee received notice of the forfeiture proceeding, but did not intervene. *Id.* A declaration of forfeiture, therefore, was issued and the assets in the trust accounts were forfeited to the federal government. *Id.*

Mr. Gadd and Mr. Lee, alleging that their property was unlawfully seized, initiated multiple, separate lawsuits. As noted above, each suit was dismissed by the United States District Court for the Western District of North Carolina, and the United States Court of Appeals for the Fourth Circuit affirmed the District Court's dismissals on appeal.

In their first suit, *Lee v. McClellan,* in addition to a variety of other claims, Mr. Gadd and Mr. Lee alleged that the Magistrate Judge, the federal agents, the Wachovia Bank of North Carolina, and "unnamed others to be named later," involved in the search and seizure of their property at the Wachovia Bank, had violated their constitutional rights as a result of the seizure of their assets without a proper warrant. *Lee v. McClellan,* 1997 WL 882907, at *1–2, 4. The plaintiffs sought injunctive relief, the return of property, compensatory damages, and punitive damages. *Id.* at *1. On November 18, 1997, the United States District Court for the Western District of North Carolina found that the plaintiffs had failed to state any claim upon which relief could be granted, and dismissed all of plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at *5. On August 5, 1998, the United States Court of Appeals for the Fourth Circuit affirmed the lower court's ruling. *Lee v. McClellan,* 153 F.3d at 720.

A second suit, *Gadd v. Potter,* was filed by Mr. Gadd and Mr. Lee, also in the United States District Court for the Western District of North Carolina, against United States District Judge Robert D. Potter, the presiding judge in *Lee v. McClellan. See Gadd v. Potter,* 145 F.3d at 1324; *Lee v. McClellan,* 1997 WL 882907, at *1. On January 15, 1998, the District Court, in an unpublished opinion, dismissed the complaint as frivolous. *See Gadd v. Potter,* 145 F.3d at 1324. On May 1, 1998, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's finding, and further found that the appeal before it, likewise, was frivolous. *Id.*

Mr. Gadd and Mr. Lee filed a third suit, *Gadd v. Rubin,* also in the United States District Court for the Western District of North Carolina against the Secretary of the Treasury, Robert Rubin, and two others. *See Gadd v. Rubin,* 173 F.3d at 850. In an unpublished opinion, issued on December 9, 1998, the District Court dismissed this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See id.* On March 19, 1999, the United States Court of Appeals for the Fourth Circuit affirmed the lower court's dismissals. *Id.*

---

**1.** The court takes judicial notice of the cited court records. *See Genentech, Inc. v. United States Int'l Trade Comm'n,* 122 F.3d 1409, 1417 n. 7 (Fed.Cir.1997) (citing *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989) (" '[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' ") (quoting 21 Charles A. Wright & Kenneth W. Graham Jr., *Federal Practice & Procedure* § 5106, at 505 (1997))); Fed.R.Evid. 201(b)(2) (Judicial Notice). Plaintiff has not disputed the cited court records, and the court records are consistent with the complaint filed by plaintiff in the present case.

In May, 1999, Mr. Gadd and Mr. Lee, along with another plaintiff, Ms. Moore, filed a fourth suit, *Lee v. Mullen,* once again, in the United States District Court for the Western District of North Carolina. *Lee v. Mullen,* 1999 WL 907537. Included as defendants were every United States District Judge and United States Magistrate Judge in the Western District of North Carolina, with the exception of the presiding Judge in *Lee v. Mullen* and one Magistrate Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, with the exception of two, the United States Attorney for the Western District of North Carolina and two of his assistants, the Assistant Attorney General in charge of the Tax Division of the Department of Justice and two staff attorneys, and the attorney in private practice who represented Wachovia Bank. *Id.* at *1, 4.

In *Lee v. Mullen,* plaintiffs, Lee, Gadd, and Moore, alleged that " 'federal judges do not READ anything submitted by pro se litigants, thereby defrauding them of the judgments the (sic) are rightfully theirs.' " *Id.* at *1. The causes of action alleged in *Lee v. Mullen* were deprivation of access to the courts, fraud on the court, violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, et. seq., and slavery. *Id.* at *1. For relief, plaintiffs sought a report to Congress, a declaration that the dismissals in *Lee v. McClellan, Gadd v. Potter,* and *Gadd v. Rubin* were void for fraud, a declaration that each of the defendant judges was mentally incompetent, and the convening of a grand jury to investigate the conspiracy. *Id.*

On September 2, 1999, the District Court in *Lee v. Mullen* dismissed all the plaintiffs' claims, with prejudice, for failure to state causes of action upon which relief could be granted. *Id.* at *1, 5. On November 1, 2000, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's dismissal. *Lee v. Mullen,* 232 F.3d at 888. In addition, in *Lee v. Mullen,* the District Court Judge stated that the plaintiffs had violated Rule 11 of the Federal Rules of Civil Procedure by filing and pursuing a frivolous case, which was not based on evidentiary support, but was designed to harass and cause unnecessary delay or needless increase in the cost of litigation. *Lee v. Mullen,* 1999 WL 907537, at *5. Therefore, the court ordered the plaintiffs to show cause why sanctions pursuant to Rule 11 should not be imposed on the plaintiffs, and scheduled a separate sanctions hearing for a subsequent date. *Id.*

On October 13, 1999, in response to the court's show cause order, the sanctions hearing was held. *Lee v. Mullen,* 1999 WL 1529609, at *2. Following the hearing, the District Court found that the plaintiffs had filed their suit in bad faith. *Id.* at *5. The court stated:

> [F]rom the Plaintiffs' demeanor during the hearing and the content of their response to the Defendants' motion, it is clear to the undersigned that these individuals are dedicated to a cause which seeks to disrupt the judicial system. By filing this action, the Plaintiffs refused to avail themselves of that system by following the prescribed rules of law and procedure, but instead, persisted in arguments which they clearly knew had been rejected and were meritless. Thus, they knew there was no factual or legal basis for this claim under the law recognized by this country.

*Id.* The District Court also stated that it is clear that the plaintiffs "understand their conduct is not appropriate" and, yet, "embarked on a course to harass the judicial system." *Id.* at *6. Thus, the court found that the plaintiffs had violated Rule 11 by filing the complaint in *Lee v. Mullen* and ordered the plaintiffs to pay a monetary penalty. *Id.* at *5–6. In addition, the court enjoined the plaintiffs "from any future filings against these Defendants in federal or state court arising from the incidents alleged in this complaint." *Id.* at *6.

## DISCUSSION

Initially, the court recognizes that the plaintiff is proceeding *pro se,* and, accordingly, the plaintiff is entitled to liberal construction of his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal plead-

ings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The United States Court of Appeals for the Federal Circuit has similarly stated: "the pleadings of pro se litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (citing *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), *cert. denied,* —— U.S. ——, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002).

However, "there is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading. 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994) (citations omitted)). *See also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted).

Defendant has filed a motion to dismiss both counts of plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). In the motion to dismiss, defendant argues that this court lacks subject matter jurisdiction over plaintiff's Fifth Amendment due process and illegal exaction claims. In addition, defendant argues that plaintiff has failed to state an illegal exaction claim upon which the court can grant relief. Given the nature of the jurisdictional defects discussed below, the court does not believe oral argument is necessary or will aid in reaching a decision.

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, even on appeal. *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding & Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998); *Trauma Serv. Group v. United States,* 104 F.3d 1321, 1324 (Fed.Cir.1997); *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991); *Bowen v. United States,* 49 Fed.Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof on a motion to dismiss for lack of jurisdiction), *aff'd,* 292 F.3d 1383 (Fed.Cir. 2002); *Schweiger Constr. Co. v. United States,* 49 Fed.Cl. 188, 205 (2001); *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404 (1994). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Martinez v. United States,* 48 Fed.Cl. 851, 857 (2001), *aff'd in part,* 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States,* 49 Fed.Cl. at 675; *Vanalco, Inc. v. United States,* 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178 (Fed.Cir. 1996) (table). When construing the pleadings pursuant to a motion to dismiss, the court should grant the motion only if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Consolidated Edison Co. v. O'Leary,* 117 F.3d 538, 542 (Fed.Cir.1997), *cert. denied sub nom. Consolidated Edison Co. v. Pena,* 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *see also New Valley Corp. v. United States,* 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, en*

banc suggestion declined (1997); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied,* 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion must be denied.'"); *RCS Enters., Inc. v. United States,* 46 Fed.Cl. 509, 513 (2000).

Pursuant to Rule 8(a)(1) of the Rules of the Court of Federal Claims (RCFC) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding on a motion to dismiss based on lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99; *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000); *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir. 1998); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d at 1167 (citing *Gould, Inc. v. United States,*

935 F.2d 1271, 1274 (Fed.Cir.1991)); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir. 1995); *Hamlet v. United States,* 873 F.2d at 1416; *Ho v. United States,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed.Appx. 964 (Fed.Cir. 2002); *Alaska v. United States,* 32 Fed.Cl. at 695. If a defendant or the court challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. at 189, 56 S.Ct. 780; *see also Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d at 747; *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. at 404–05. When considering a motion to dismiss for lack of subject matter jurisdiction, the court may examine relevant evidence in order to resolve any factual disputes. *See Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir.1999); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d at 747; *see also Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1584 (Fed.Cir. 1993) ("In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony."), *cert. denied,* 512 U.S. 1235, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994); *Vanalco v. United States,* 48 Fed.Cl. at 73 ("If the truth of the alleged jurisdictional facts is challenged in a motion to dismiss, the court may consider relevant evidence to resolve the factual dispute.").

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (1994). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) for a refund from a prior payment made to the government; or (3) based on federal constitutional, or statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir. 1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims, " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001), *cert. granted,* 535 U.S. 1016, 122 S.Ct. 1604, 152 L.Ed.2d 619 (2002); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000); *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g denied, en banc suggestion declined* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

Count one of plaintiff's complaint alleges that the defendant took plaintiff's property without due process of law under the Fifth Amendment to the Constitution. The plaintiff quotes and underlines the following from the Fifth Amendment in support of his claim: "nor be deprived of life, liberty, or property, without due process of law." The particular type of constitutional claim alleged by the plaintiff, a due process violation under the Fifth Amendment to the Constitution, is not the same as an alleged taking of private property for public use, for which compensation is due under the Fifth Amendment of the Constitution. The United States Court of Appeals for the Federal Circuit has indicated clearly that the Court of Federal Claims does not have jurisdiction over claims

based solely on the Due Process Clause of the Fifth Amendment because that clause is not a money-mandating provision. *See James v. Caldera,* 159 F.3d 573, 581 (Fed. Cir.1998); *Crocker v. United States,* 37 Fed. Cl. 191, 195 (1997), 125 F.3d 1475, 1476 (Fed. Cir.1997); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995).

However, in addition to the Due Process Clause of the Fifth Amendment, that same amendment also states: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. This portion of the Fifth Amendment has been interpreted as a money-mandating provision. The Tucker Act states: "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon the Constitution...." 28 U.S.C. § 1491(a)(1) (2000). The United States Supreme Court has declared: "If there is a taking, the claim is 'founded upon the Constitution' and within the jurisdiction of the [Claims Court][2] to hear and determine." *Preseault v. ICC,* 494 U.S. 1, 12, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990) (quoting *United States v. Causby,* 328 U.S. 256, 267, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946)); *accord Narramore v. United States,* 960 F.2d 1048, 1052 (Fed.Cir.1992); *Perry v. United States,* 28 Fed.Cl. 82, 85 (1993). In his complaint, the plaintiff listed "CLAIM ONE TAKING PROPERTY WITHOUT DUE PROCESS OF LAW." Therefore, because this is a *pro se* plaintiff and in order to settle the issue once and for all, the court will address plaintiff's claim also as an alleged takings claim, albeit not clearly stated as such in the complaint.

▪ In order to state a takings claim in this court, the plaintiff "must concede the lawfulness of the actions of the government that resulted in the alleged 'taking,'" which allegedly entitles a plaintiff to compensation. *Crocker v. United States,* 37 Fed.Cl. at 196–197 (citing *Florida Rock Indus., Inc. v. United States,* 791 F.2d 893, 898 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987); *Eversleigh v. United States,* 24 Cl.Ct. at 359; *Torres v. United States,* 15 Cl.Ct. at 215–216); *see also Crocker v. United States,* 125 F.3d at 1476. In the instant case, as in *Crocker v. United States,* "to concede the validity of the forfeiture in this case would concede the merits of the claim as well." *Id.* at 196.

▪ In his complaint, plaintiff has requested money damages for property acquired by the United States by forfeiture. Even if plaintiff were to attempt to reclassify his claim for the return of forfeited property as a Fifth Amendment-based, compensable takings claim, the true nature of his claim is not changed, nor does the Court of Federal Claims have jurisdiction to entertain his claim.

There is an important distinction between a compensable taking and a valid forfeiture. A compensable taking involves the appropriation of private property for public use under powers of eminent domain. A valid forfeiture involves the regulation of property and "seeks to prevent the continued use of private property in ways detrimental to organized society." *Eversleigh v. United States,* 24 Cl.Ct. 357, 359 (1991) (citing *Noel v. United States,* 16 Cl.Ct. 166, 170 (1989)).

*Crocker v. United States,* 37 Fed.Cl. at 195; *see also Vereda, Ltda. v. United States,* 271 F.3d 1367, 1374–75 (Fed.Cir.2001) (stating that the Court of Federal Claims does not have jurisdiction over Vereda's takings claim requiring a determination of the correctness of an administrative forfeiture); *Perry v. United States,* 28 Fed.Cl. 82, 84 (1993) ("[T]he Court of Federal Claims has rejected the notion that the seizure and administrative forfeiture of money, pursuant to federal seizure and forfeiture statutes, is a compensable fifth amendment taking.").

Review of forfeiture proceedings is "unambiguously allocated" to the federal district courts. *Crocker v. United States,* 125 F.3d at 1476. Plaintiff's claims have been entertained and rejected multiple times in the appropriate federal district and circuit

---

2. This court was renamed and is now known as the United States Court of Federal Claims. *See* Federal Courts Administration Act of 1992,

Pub.L. No. 102–572, § 902 (1992); 28 U.S.C. § 1491(a)(1) (2000).

courts, which, in effect, have found the forfeiture not subject to further challenge because the plaintiffs chose not to participate in the forfeiture proceedings, did not submit timely claims and the agency acted in accordance with its own properly established procedures. Although some of the claims advanced by the plaintiff in this court may have been re-titled from how they previously were submitted in the District Court, the plaintiff's claims in this court remain the same, a challenge to the forfeiture proceeding. This court is not the proper forum to adjudicate plaintiff's claims, which are not in the nature of a constitutional takings claim. Furthermore, independent due process allegations also are not properly within the jurisdiction of this court, and, likewise, must be adjudicated in the District Court.

 In the second count of plaintiff's complaint, he attempts to present an illegal exaction claim. The United States Court of Appeals for the Federal Circuit has held that an illegal exaction claim may be pursued under the Tucker Act when a " 'plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.' " *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed.Cir.1996) (quoting *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967)). However, "[t]he Tucker Act provides jurisdiction in the Court of Federal Claims to recover 'exactions said to have been illegally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere).' " *Crocker v. United States*, 125 F.3d at 1477 (quoting *Aerolineas Argentinas*, 77 F.3d at 1572–73) (citations omitted). As discussed above, "Congress has expressed a desire to place forfeiture actions and related decisions within the district courts rather than with the Court of Federal Claims." *Crocker v. United States*, 37 Fed. Cl. at 201; *see also Crocker v. United States*, 125 F.3d at 1477.

Plaintiff cites *Bowman v. United States*, 35 Fed.Cl. 397 (1996), to support his position that the court has jurisdiction over his illegal exaction claim. The *Bowman* holding, however, does not support plaintiff's illegal exaction claim. In *Bowman v. United States*, the court granted the United States' motion to dismiss and found that:

> Nonetheless, despite the existence of the elements of an illegal exaction claim over which this Court may assert jurisdiction, it is not possible to assert jurisdiction at present given the existence of the civil forfeiture judgments of the Idaho District Court. While these judgments are extant, the exactions cannot be ruled illegal. No jurisdiction exists enabling the United States Court of Federal Claims to overturn these district court determinations.

*Bowman v. United States*, 35 Fed.Cl. at 401–02; *see also Vereda, Ltda. v. United States*, 271 F.3d at 1375. Once again, this court will not review the decisions of the District Court and the United States Court of Appeals for the Fourth Circuit on a matter of a straightforward forfeiture, which is not within the jurisdiction of this court. Plaintiff has failed to state a claim for illegal exaction.

## CONCLUSION

Mr. Gadd chose not to participate in the forfeiture proceedings regarding the seized property. Yet, plaintiff, and his associates, previously challenged many of the government officials involved in the forfeiture and have challenged the subsequent court proceedings. This court has no jurisdiction to grant plaintiff yet another opportunity to pursue these same claims regarding the seized and forfeited property, nor has plaintiff stated a claim for which relief can be granted. For the reasons stated above, even under the somewhat relaxed standards accorded a *pro se* plaintiff, the court **GRANTS** defendant's motion to dismiss plaintiff's complaint. The Clerk's Office shall enter judgment consistent with this opinion.

**IT IS SO ORDERED.**